Per Curiam.

The action is by a depositor against its bank for paying a check on which the plaintiff had directed the bank to refuse payment. The court directed a verdict in favor of plaintiff. While there was no issue that the defendant bank violated plaintiff’s instructions and was, at least, negligent in so doing, the defendant may still defend on the ground that the transaction was ratified by the depositor. Whether or not sufficient proof to raise that issue was introduced is not, in the *807 light of the following, necessary to decide. . The determination must be reversed for other reasons. The learned court directed a verdict for the face amount of the check. Plaintiff’s damage is only prima facie the amount of the check. Here it was established that the check was given in payment for merchandise delivered to plaintiff. The merchandise was defective. Plaintiff, nevertheless, accepted it and later disposed of it at a loss. It is that loss which is plaintiff’s damage rather than the total of the check. An accurate determination of that loss requires a new trial. Whether or not a defense of ratification is established on that trial will depend on the evidence adduced.
The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.
Hofstadter, Steuer and Hecht, JJ., concur.
Judgment and order reversed, etc.